UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARREL TREMAINE CARTER** | : | CIVIL ACTION NO: 2:13-cv-2501 |
| | : | SECTION P |
| **VERSUS** | | |
| | : | JUDGE TRIMBLE |
| **WARDEN CALCASIEU** | | |
| **CORRECTIONAL CENTER, ET AL** | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Darrel Tremaine Carter filed the instant petition for writ of *habeas corpus* on August 16, 2013. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at Calcasieu Correctional Center, Lake Charles, Louisiana. Petitioner seeks relief pursuant to 28 U.S.C. §2254, related to his 2011 conviction and sentence imposed by the Fourteenth Judicial District Court, State of Louisiana, Parish of Calcasieu.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust his state court remedies.

### *I.  Background*

On September 9, 2009, and on September 15, 2009. petitioner was arrested for Driving While Intoxicated ("DWI"). Doc. 7, att. 1, p. 6. On May 3, 2011, petitioner entered a plea of no contest to two counts of DWI third offense. Doc. 7. att. 1, p. 2. He was sentenced to serve five years in the custody of the Louisiana Department of Corrections with all but one year suspended

on each count, to run concurrent. *Id.* He was additionally sentenced to serve five years on supervised probation. *Id.*

In January 2013, petitioner was arrested for another DWI and use of a controlled substance. Doc. 7, att. 1, p. 8. On May 22, 2013, petitioner was brought back to court and admitted to violating the terms of his supervised probation. Doc. 7, att. 1, pp. 4-14. He was ordered to serve the four year balance on his sentence, to run concurrent with each other but consecutive to any other time that he served in the past. Doc. 7, att. 1, pp. 12-13.

Petitioner claims that he appealed the May 22, 2013, sentence and conviction on direct appeal to the Third Circuit Court of Appeal and via post-conviction relief filed in the Fourteenth Judicial District Court. Doc. 1, pp. 2-3.

Petitioner filed the instant petition on August 16, 2013. He argues that the probation period from his 2007 conviction was excessive, that he has been denied good time credit and credit for street time, and that the judge imposed a four year sentence rather than the five year sentence as reflected in the DOC prison records. Doc. 1, p. 4.

## II. Law and Analysis

Federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Dickerson,* 816 F.2d at 225. Further, as a matter of comity, the state courts must be given a fair opportunity to hear and

consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990).

Since petitioner seeks relief pursuant to 28 U.S.C. § 2241 and since *habeas corpus* is the appropriate remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. Although petitioner alleges that he appealed his sentence and sought post-conviction relief, a review of the presumptively reliable published jurisprudence of the State of Louisiana establishes that petitioner has not litigated any claims before the Louisiana Supreme Court. The available evidence establishes beyond any doubt that petitioner has not fully exhausted the claims he brings in this petition.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears that the petitioner has failed to exhaust all available state court remedies.

**IT IS FURTHER RECOMMENDED** that the pending Motion for Production of Public Records [doc. 5] be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 2nd day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE